BILLS v. THE CITY OF OTTUMWA.

Practice: WAIVER OF OBJECTIONS. Errors of law in giving instructions cannot be urged on appeal unless exceptions were duly taken in the court below.

Municipal corporation: INJURIES FROM DEFECTIVE STREETS. A municipal corporation is liable for injuries resulting to individuals from defective streets.

Verdict and jury: SPECIAL FINDINGS. To justify the court in setting aside a general verdict on the ground that they are inconsistent with the special findings, the conflict must be irreconcilable.

Evidence: OPINIONS OF WITNESSES. The rule admitting the opinions of witnesses called experts is confined to questions of science and skill. It is accordingly *held*, in an action against a city for damages resulting from injuries caused by defective streets, that the opinion of a farmer of long experience and familiar with loading straw and hay that a wagon loaded therewith in the manner of the one upon which plaintiff was riding when the accident occurred, was not safe for riding over ordinary roads, was inadmissible.

*Appeal from Davis District Court.*

WEDNESDAY, SEPTEMBER 18.

ACTION at law to recover for alleged injuries sustained by plaintiff, in being thrown from a wagon loaded with straw, upon one of the public streets of the city. The bad condition of the street, it is alleged, was the direct cause of the injury, and defendant is charged with liability on account of negligence and want of care in permitting the street to be out of repair. There was a verdict and judgment for plaintiff. Defendant appeals.

*Eugene Fawcett* and *M. H. Jones* for the appellant.

*E. L. Burton* and *H. H. Trimble* for the appellee.

BECK, Ch. J. — The points presented in argument by defendant's counsel involve the existence of a highway at the place plaintiff received the injuries complained of, the sufficient acceptance by the city of a street dedicated to the public use by the owner of the land, the sufficiency of the evidence to support the verdict, conflict between the special findings of the jury and their general verdict, and the rejection of certain evidence offered by defendant. These will be noticed in the order just given.

Bills v. The City of Ottumwa.

I. The court, in the instructions to the jury, laid down certain rules as to what would amount to a sufficient dedication and acceptance of the street in question to make it a public highway, and render defendant liable for negligence in not keeping it in repair. No exceptions were taken to these instructions in the court below, and, for that reason, no objection thereto can be heard in this court, nor has any been made. Without entering into any examination of the principles of these rules, for the purposes of this appeal, they must be regarded as correct. Under them the jury were unquestionably justified in finding that the street was dedicated to the public use, and accepted by defendant. Under this state of facts, defendant would be liable for damages resulting from its negligence in failing to keep the street in repair.

We do not understand that defendant's counsel insist or argue that, under the rules of the instructions, the evidence fails to show acceptance of the street by the city, but, under rules not recognized by the court, they maintain that acceptance was not established. But the jury rightly followed the law as given them by the court, and their verdict cannot now be tried by the test of other rules not recognized by the court, and not given them as the law of the case.

We may here state our conviction, and it will dispose of the second point made by defendants, that the verdict is not supported by the evidence. There was a conflict of evidence, but no such absence of proof as to warrant the conclusion that the verdict is not the result of an honest and intelligent exercise of judgment on the part of the jury. The district court correctly ruled in refusing to disturb it.

II. The jury returned, at the request of defendant, thirty-three special findings. Many of these, it is argued, 3. VERDICT AND are in conflict with the general verdict. We JURY: special findings. will proceed quite briefly to notice the points made by counsel upon these special findings. The jury

found that the plaintiff was riding on a load of straw two feet high, fastened on by boards at each end and side; that at the place of the injury the street was bad and dangerous, which plaintiff had the means of knowing; that the danger could have been seen and avoided by ordinary prudence; that if plaintiff had seen the danger he could have avoided it by getting off of the wagon; that he did use ordinary care to avoid being thrown from the wagon; that he used proper caution in the manner in which he rode over the street, and that he did use ordinary prudence in loading the straw, and in going with it to the place where the accident occurred.

It is insisted that these special findings show that plaintiff contributed by his negligence to the accident, and cannot therefore recover. We think otherwise. These special findings expressly show that plaintiff was in the exercise of ordinary care when the accident happened, and that he did use ordinary prudence in going with the wagon upon the street. He cannot, therefore, be charged with negligence. There appears to be a conflict in the special findings as above stated; one of them being to the effect that, by the exercise of ordinary prudence, the danger could have been avoided, and the others in substance that plaintiff did exercise ordinary care and prudence in going with the wagon over the street, and in his manner of riding upon it. But reading the findings as they appear in the abstract, such conflict, to our minds, disappears, and they harmonize quite as well as could be expected of the answers to thirty-three questions asked of the jury by expert counsel with the design of drawing out a conflict in the facts and conclusions to be stated. Considering the 29th, 30th and 31st findings together, it is quite apparent that the jury intended to say that plaintiff could have avoided the danger by getting off of the wagon at the place of the accident. But they found that plaintiff exercised care and prudence in going with the wagon over the place of the

accident, and in the manner of his riding thereon. Certainly if he could, in the exercise of prudence and care, go over the street in the wagon, prudence would not demand that he should get out of the wagon at the same place. The jury clearly intended to be understood in the language they used, to find that a man of ordinary prudence *could* have avoided the danger by getting out of the wagon, not that the exercise of such prudence required him to do so. To justify a judgment upon special findings against a general verdict, the findings must be inconsistent therewith. Rev., § 3080. In our opinion the special findings are not inconsistent with the general verdict.

III. In the progress of the trial, defendant proposed to prove by a witness that he was a teamster and farmer of 4. EVIDENCE: long experience, and familiar with loading opinions. and hauling straw and hay, and that a wagon loaded in the manner of the wagon upon which plaintiff was when he was injured, was not safe for riding upon over ordinary roads. The court ruled, as we think correctly, against the admission of the proposed evidence. The rule admitting the opinions of witnesses called experts, and under this rule the evidence was offered, is confined to questions of science and skill. There is neither science nor skill involved in the proposed evidence, and it does not appear that the jury were not as familiar with the subject as the witness himself. The offered testimony was therefore properly excluded. 1 Philip's Ev. (Cowen & Hill's and Edward's Notes), 780; 1 Greenl. Ev., § 480.

We have noticed all the points made by defendant's counsel and find no error in the record. The judgment of the district court is

Affirmed.