## GENERAL VERDICT WITH SPECIAL FINDINGS.

### DAVIS v. TURNER.

#### 69 Ohio State—Decided, October 27, 1903.

*Trial of Civil Action—General Verdict and Special Findings—Defeated Party May Move for Judgment in His Favor on Special Findings—Then for New Trial—Sections 5201 and 5202, Revised Statutes—Prosecution of Error—Pleadings and Court Procedure—Servant Injured in Coal Mine—Question of Notice of Danger—Duty of Master—Contributory Negligence.*

1. In the trial of a civil action, wherein the jury returns with a general verdict special findings on questions of fact under the instructions of the court, the party against whom the general verdict is returned may first move for judgment in his favor on the special findings, and if his motion is refused he may then file his motion for a new trial within the time prescribed by law. But where the court fails to pass on the motion for judgment on the special findings within the time allowed for filing a motion for a new trial, the latter motion may be filed within such time and before the decision of the motion for judgment. In either case the motions should be filed and decided in the order indicated. And, while it is irregular practice to file both motions at the same time as was done in the lower court, no one has been prejudiced thereby in this case, and the order in which the trial court heard and decided said motions constitutes no bar to a review of its judgment on the special findings.

2. A party to a civil action whose motion for judgment on special findings of fact made by the jury in accordance with the provisions of Section 5201, Revised Statutes, on the ground that the special findings are inconsistent with the general verdict is overruled, may prosecute error in the circuit court to review and reverse the judgment of the trial court on said motion, and where the circuit court affirms the judgment of the trial court on said motion but grants a new trial for other reasons, its judgment of affirmance may be reviewed in this court on proceedings in error without submitting to a retrial of the case in the lower court.

3. To be inconsistent with the general verdict as contemplated by Section 5202, Revised Statutes, it must appear that the special findings are irreconcilable, in a legal sense, with the general verdict; and to justify the court in setting aside or disregarding the general verdict on the ground that it is inconsistent with

such special findings the conflict must be clear and irreconcilable.

4. A servant employed in a coal mine to haul cars of coal from the rooms where the coal is mined through an entry to a hoisting shaft, by the use of a mule and cars, is chargeable with actual notice of every fact which he would have known had he exercised ordinary care to keep himself informed as to matters concerning which it is his duty to inquire; but as it is the duty of the owner or operator of the mine to furnish a reasonably safe entry and to keep it in a reasonably safe condition, the driver of the coal car may rely upon that duty being performed, and he is not required to test and inspect the roof of the entry through which he passes, and is not charged with knowledge of its condition, further than the knowledge he would ordinarily obtain in the proper discharge of the work he is employed to perform. If under such circumstances, while in the performance of his duty, the servant is injured by slate falling from the roof of the entry, on account of the negligence of the mine owner or operator, he may recover. *Wellston Coal Co.* v. *Smith*, 65 Ohio St., 70, approved and followed.

Error to the Circuit Court of Jackson County.

The issues between the parties in the trial court were joined upon the second amended petition, the answer of plaintiff in error, and the reply thereto.

The plaintiff below claimed a right of recovery against the defendant for damages resulting from a personal injury received in the coal mine of the defendant on the twenty-seventh day of September, 1900. By the averments of the second amended petition it is disclosed that at the above date the plaintiff below was in the employ of the defendant as a driver in said mine at an agreed price per day, and that such employment had continued for about two weeks before the injury. The plaintiff's duty was to haul coal in cars drawn by a mule, from the rooms of a portion of the miners, who mined the coal, to a hoisting shaft. While passing through a main entry of the mine in the discharge of his duties as such driver, and without negligence on his part, he was injured by slate falling upon him from the roof of said entry directly over the track placed therein along which he was at the time passing in the discharge of his duties.

The injuries alleged are four fractures of the jaw, and the loss of several teeth, which affected his ability to take food, and

also his powers of speech, which injuries he says are permanent.

The entry wherein the plaintiff was injured is alleged to be about one-half mile in length, from eight to ten feet in width, and on an average about four and one-half feet in height. It is further alleged that above the track along which plaintiff was required to pass with the cars of coal, and at a point about fifty yards towards the hoisting shaft, there was loose and defective overhanging slate in the roof of the entry, which rendered the passage that way dangerous, by reason of its liability to fall, of which dangerous condition the plaintiff had no knowledge at any time, nor did he have equal opportunity or means with the defendant of knowing the same.

It is then alleged that the defendant himself, and by his agent in charge and control of the mine, well knew of the dangerous and unsafe condition of the entry where plaintiff was injured; or if he did not actually know of the same, he could and would have known of it by the exercise of ordinary prudence and care before the plaintiff was injured, and in time to have prevented the injury by securely propping, posting, or securing the roof of the entry.

The negligence charged is that with knowledge or means of knowledge of the unsafe condition of the roof of the entry, defendant failed and neglected to securely prop, post, or remove the overhanging slate.

The damages laid consist in loss of time, incurring medical and dental bills, and general damages—in all $10,175.35.

The foregoing is the substance of the second amended petition.

The answer admits that the defendant operated the coal mine at the time of the injury; that plaintiff was in his employ, and that his duties were about as alleged by him, and that he was injured about the time and in the entry as described; but it denies each and all the other allegations of the petition. It avers that the plaintiff was not without fault, "but contributed to whatever injury he received by his own careless and negligent driving of the mule and the management of the car, whereby one or the other was driven or thrown against certain props and posts which were then and there used to support the roof of said entry, and displaced them, and knocked them down, and thereby

permitted certain caps and portions of the roof of said entry to fall upon plaintiff to his injury."

The reply denies all the allegations of fault and contributory negligence made in the answer.

On the issues joined the case went to trial to a jury. On request of the defendant the court submitted to the jury for answer certain interrogatories, to be answered and returned as answered with the general verdict. The interrogatories and answers are:

"The jury in the above cause are required to make answer to the following interrogatories, and return the same as their special verdict:

"1. About how often did plaintiff, while at work for defendant, pass along the entry at the point where he was injured? Answer. About three hundred and sixty times.

"2. Did plaintiff, while working in said entry, make any endeavor to ascertain the condition of the entry through which he passed? Answer. No.

"3. Did plaintiff, while at work in said entry, take any notice of or pay any attention to the roof of the same, or observe that the same was propped, and cross-timbers used in it for the protection of the roof? Answer. No.

"4. Was the defect in the roof of the entry at the point where plaintiff was injured obvious and noticeable to a person going in or out of such entry? Answer. Yes.

"5. Was it under the evidence in this cause the duty of plaintiff, while driving for defendant, to notice, examine or pay any attention to the roof of the entry in which he was at work? Answer. No.

"JOHN C. STEELE, *Foreman.*"

The jury returned a general verdict for the plaintiff in the sum of $1,481. The defendant filed a motion for new trial, containing among other grounds that the court erred in refusing to give the jury certain special instructions asked by the defendant; that the court erred in the general charge, and "that the general verdict is inconsistent with the special verdict." At the same time the defendant moved for judgment in his favor upon the special findings of the jury, notwithstanding the general verdict. The court overruled both motions, and the defendant excepted.

Judgment was rendered on the general verdict, and defendant prosecuted error in the circuit court, assigning among other er-

rors committed by the trial court, that it "erred in overruling and not sustaining the motion of defendant below for a judgment in his favor upon the special verdict, notwithstanding the general verdict for plaintiff."

The circuit court found and decided "the court of common pleas erred in refusing to give to the jury special instructions numbered four and seven, as requested by plaintiff in error, defendant below;" and found no other error apparent on said record.

For the errors found, the judgment of the court of common pleas was reversed and the cause remanded for such further proceedings as may be authorized by law.

The plaintiff in error excepted to the decision of the circuit court for the reason that it did not find and adjudge "that the court of common pleas erred in overruling the motion of plaintiff in error, defendant below, for a judgment in his favor upon the answers made by the jury to the interrogatories submitted to be answered by them, and in not rendering judgment in favor of plaintiff in error upon said interrogatories as the court below should have done."

Without waiting for a new trial of the case in the court of common pleas, the plaintiff in error prosecutes error in this court to reverse the circuit court for not giving him judgment on the answers of the jury to said interrogatories.

*J. M. McGillivray,* for plaintiff in error.

*Elmer C. Powell,* for defendants in error.

PRICE, J.; BURKET, C. J., SPEAR, SHAUCK and CREW, JJ., concur.

The record in this case presents two questions which are worthy of consideration, the first of which is a question of practice.

The plaintiff in error was defeated in the trial court, his motion for new trial overruled and judgment rendered on the general verdict returned by the jury. Before judgment and contemporaneous with the motion for new trial, he asked judgment upon the answers to certain interrogatories submitted to the jury by the court. This was refused, and the case was taken on error to the circuit court, where the judgment of the trial court was reversed on the sole ground that there was error in refusing to

give certain instructions requested by the defendant, and the cause was remanded for further proceedings.

The circuit court refused to render judgment for plaintiff in error on the special findings of the jury, and overruled his motion for that purpose. There has been no retrial in the court of common pleas, and we are asked to review and reverse the decision of the circuit court, overruling the motion of plaintiff in error for judgment on the special findings of the jury.

1.   Has he a right to prosecute such proceedings in this court? This is our first question for consideration. The defendant in error says there is no basis for this proceeding, and no judgment to reverse, because the circuit court reversed the judgment of the common pleas and remanded the cause to that court for further proceedings; that as a result of the reversal a new trial was granted and the special findings were vacated with the general verdict. This claim was made heretofore in this court by motion to dismiss the petition in error, and it is still urged and relied upon.

The particular questions of fact appear to have been submitted by the trial court without objection. At all events, they were submitted and answered by the jury and became a legitimate part of the record. As such the judgment of the trial court was invoked upon them by the motion of defendant below, and that court exercised its judgment thereon in overruling the motion, to which exception was entered. In the circuit court he was not content with a reversal of the judgment on the grounds stated, but relied and still relies on the special findings as being inconsistent with the general verdict. And if the special findings are inconsistent with the general verdict, and are sufficient in their legal effect to defeat a recovery, there can be no doubt that he was entitled to judgment in the trial court. If so, the circuit court, when it reversed the judgment of the trial court, should have rendered the proper judgment instead of remanding the case for a new trial. It seems entirely clear that if the special findings are inconsistent with the general verdict and entitle the defendant below to a judgment, he would be justified in standing upon them in the trial court, and also in the circuit court, regardless of the privilege of a new trial, rather than be compelled to abandon what he had fairly obtained and incur the labor and expense of a retrial of the case. Otherwise

the submission of special questions to the jury is but an idle
and fruitless ceremony.

But in this case the circuit court agreed with the trial court
and refused the judgment demanded. Is there no direct remedy
in this court to review the decision of that court, and correct its
error, if any has been committed, in overruling the motion for
judgment? If not, the party has lost a valuable right which the
law has furnished him for a very clearly expressed purpose;
and it is lost, it is said, because the circuit court set aside the
general verdict and granted a new trial. However, it did more.
It decided that plaintiff in error was not entitled to judgment
on the special findings, which he claimed are inconsistent with
and should control the general verdict.

We discover no good reason why he does not have a direct
remedy in this court to review the circuit court on that branch
of the case. This view is founded upon the unequivocal meaning
of Sections 5201 and 5202, Revised Statutes.

In accordance with the former section, the court instructed
the jury to find specially upon the particular questions of fact
contained in the record. Whether all were proper questions we
need not now determine. They were submitted and answered.
By the latter section it is provided that: ''When the special find-
ing of facts is inconsistent with the general verdict, the former
shall control the latter, and the court may give judgment accord-
ingly.'' If the special findings are such as should *control* the
general verdict, it becomes the duty of the trial court to enter
the judgment which such ''control'' would clearly indicate;
and in this we think there is no room for the exercise of mere
discretion. Moreover, we regard the decision of the circuit court
overruling the motion for judgment on the special findings as
a judgment determining the rights of the parties in that behalf,
and a proper predicate for proceedings in error. See Section
6710, Revised Statutes.

As authorities against the views here expressed, counsel for
defendant in error cites and relies upon the following cases:
*Fitzpatrick et al v. Papa,* 89 Ind., 17; *Hollenbeck v. The City
of Marshalltown,* 62 Ia., 21; *The State, ex rel Downard,* v. *Tem-
plin,* 122 Ind., 235; *McCrum v. Corby,* 15 Kas., 112; *Insurance
Co.* v. *Shillito,* 15 Ohio St., 559; *Andrews* v. *Youngstown,* 35
Ohio St., 218. We have carefully examined each of these cases,

and are unable to find a rule in either that is contrary to our position.

In *Fitzpatrick et al* v. *Papa, supra,* it appears that appellants urged their right to judgment in the appellate court on answers to interrogatories at the first trial of the case in the lower court. No ruling seems to have been asked or made at that trial with reference to such interrogatories, but the court set aside the general verdict and granted a new trial. The parties had their new trial. From the judgment rendered on the second trial, appeal was taken and appellant asked for judgment on the findings made on the first trial. It was easy to conclude and hold that having submitted to a second trial the party waived his rights on special findings made at the first trial. It was upon that state of the record the appellate court made its holding.

*Hollenbeck* v. *The City of Marshalltown, supra,* was an action to recover for injuries sustained by reason of a defective sidewalk. The first trial resulted in a verdict for the plaintiff, which was set aside and a new trial granted. The second trial resulted in a verdict for the plaintiff. On this, the second trial, the jury in answer to a special interrogatory found that the defect in the sidewalk was not so open and notorious as to render the city liable. It fairly appears that the city asked judgment on this special finding and also for a new trial. The trial court refused judgment on the special finding, but granted a new trial. A third trial was had and the plaintiff again recovered. From the judgment rendered on the last verdict appeal was taken by the city, and it was there insisted that the city was entitled to judgment on the special finding made at the second trial. This the court denied, as well it could, because by submitting to a retrial after the finding had been made, the city waived its rights thereunder.

*The State, ex rel Downard,* v. *Templin, supra,* contains no holding pertinent to the present inquiry.

The same may be said about *McCrum* v. *Corby, supra.* There, when the motion for new trial was granted, nothing was said about the special findings, and no one sought any order of court respecting them. The appellate court say in that case: ''Counsel claim that as no mention was made to set them aside, they still stand and must control any subsequent verdict, and

therefore a new trial is unnecessary and improper.'' The court denied the correctness of the proposition.

In *Insurance Co.* v. *Shillito, supra,* the superior court at special term, upon the facts found by it, rendered judgment against the plaintiff. The court at general term reversed the judgment and remanded the cause to the special term for new trial. The insurance company prosecuted error in this court to reverse the judgment at general term on the ground "that there was no error in the proceedings of said court at special term."

It is clearly discerned that the office or function of special findings of a jury are quite different from the findings of a court to which a cause is submitted without the intervention of a jury. The difference is both natural and statutory. Besides this observation the question we have before us was not before the court in that case, either in form or substance. Nor does the case of *Andrews* v. *Youngstown, supra,* shed any light on this controversy. The court there held that "where a judgment is reversed for error accruing on the trial, the party against whom the reversal is had, by voluntarily submitting to a new trial which results in a verdict and judgment, waives his right to prosecute a petition in error to reverse the judgment of reversal.'' The latter holding is in entire accord with our construction of the Indiana and Iowa cases cited. We therefore hold that the plaintiff in error is properly in this court and that it has jurisdiction to hear and determine his assignments of error.

Incidental to the argument of the foregoing subject, counsel for defendant in error assert as a rule of practice that plaintiff in error is without remedy on error, because he filed the motions for new trial and for judgment on the special findings simultaneously, and that both were decided by the trial court at the same time, and it so appears of record. It also appears that in one judgment rendered by the circuit court it granted a new trial on the ground that certain instructions were refused, and also adjudged that there was not error committed in overruling the motion of plaintiff in error in the special findings.

We presume that the point intended to be made is, that the judgment of the circuit court being thus joint in form, the plaintiff in error can not so divide it as to accept the benefits of a judgment for new trial, and also prosecute error to the balance

of the judgment. The argument on this subject is very obscure, and the reasons back of it are equally obscure.

The plaintiff in error did not submit to a new trial and avail himself of that relief, but proceeded to this court to test his right to judgment on the special findings. We can discover no trace of prejudice to any one in the exercise of this right arising out of the fact that both motions were filed and decided at the same time; and the condition of the record in that respect is no bar to the present proceeding.

It is proper here to add what we regard as the proper order to be observed in cases where it is desired to file one or both of the motions referred to, although it is not adopted as an absolute or invariable rule to govern under all circumstances, but as the better and general rule of practice. We therefore think that in the trial of a civil action, wherein the jury return with a general verdict special findings on questions of fact under the instructions of the court, the party against whom the general verdict is returned may first move for judgment in his favor on the special findings, and if his motion is refused, he may then file his motion for a new trial within the time prescribed by law. But where the court fails to pass on the motion for judgment on the special findings within the time allowed for filing a motion for new trial, the latter motion may be filed within such time, and before the decision of the motion for judgment. In either case the motions should be filed and decided in the order indicated.

2. We now come to the second inquiry in the case: Is the plaintiff in error entitled to judgment on the special findings made by the jury? Is the special finding of facts inconsistent with the general verdict?

The provision of our statute regarding special findings obtains in substance, in many, if not all, the states having a code of civil practice. It is found also in the statutes of some of the states where a code of civil procedure does not prevail, as in Indiana. The object of such provision has been defined by the appellate courts of several of such states, and when we clearly understand the purpose to be served, we will be better enabled to say whether the findings in this record are inconsistent with the general verdict. It was said by Justice Hanna of Indiana in *Buntin* v. *Rose,* 16 Ind., 209, that:

"Before the enactment of our statute, enabling a party to ask that a jury shall respond to interrogatories, it was difficult to have placed upon the record.of a trial, the component parts of, or elements which entered into and formed the verdict of a jury. This was felt and considered as operating injuriously in many instances, because of the current of decisions in this court for many years to the effect that a verdict in a civil case should not be disturbed on the evidence where there was proof tending to sustain it."

In *Morrow* v. *Commissioners,* 21 Kas., 484, the Supreme Court of that state, through Justice Brewer, says on page 503, that:

"The main object of special questions is to bring out the various facts separately, in order to enable the court to apply the law correctly, and to guard against any misapplication of the law by the jury."

In *Davis* v. *Town of Farmington,* 42 Wis., 425-432, the Supreme Court of Wisconsin is of opinion that:

"By requiring the jury to pass separately and specifically upon each controverted question of fact material to the issue, a more careful and methodical consideration of the testimony by the jury may be secured, and the precise grounds upon which the judgment is based will be disclosed."

And in *Moss* v. *Priest,* 19 Abb. Pr. (N. Y.), the New York Superior Court say on page 317:

"The object of the provision in regard to special findings was to enable the court to leave the case to the jury generally, but to control their general verdict by findings which would render a second trial unnecessary in cases where no exceptions were taken, or rather to prevent exceptions to the charge."

In connection with these authorities, we keep in mind another proposition, that the special finding is inconsistent with the general verdict only when the two are irreconcilable. Elliot, C. J., in *Railway Co.* v. *Beyerle,* 110 Ind., 102, makes the very strong declaration that:

"Nothing will be presumed in aid of the answers to the interrogatories, nor will they control the general verdict unless they are invincibly antagonistic to it."

In *Woollen* v. *Wishmier,* 70 Ind., 108, the Supreme Court of Indiana declare that:

"It must be remembered that a special finding must be irreconcilably inconsistent with the general verdict before the latter can be set aside and the former substituted in its place."

See, also, *Amidon* v. *Gaff*, 24 Ind., 128-130; *Railroad Co.* v. *Stout, Admr.*, 53 Ind., 143. In the latter case it is held:

"Special findings in answer to interrogatories over-ride the general verdict only when both can not stand; and the Supreme Court will not direct a judgment in favor of a party against whom the general verdict has been rendered, unless this antagonism is apparent on the face of the record and the special finding can not, by any hypothesis, be reconciled with the general verdict."

To same effect are *Alexander* v. *University*, 57 Ind., 466; *Murray* v. *Phillips*, 59 Ind., 56; *Railroad Co.* v. *Barton*, 61 Ind., 293; *Hershman* v. *Hershman*, 63 Ind., 451. See also *Bills* v. *The City of Ottumwa*, 35 Ia., 107, where it is held that:

"To justify the court in setting aside a general verdict on the ground that it is inconsistent with the special findings, the conflict must be irreconcilable."

The latter statement of the rule seems to be the conservative judgment of the courts passing on the question.

Are the special findings disclosed in this record inconsistent with the general verdict? We think not? What are they?

1. The defendant in error passed the entry where he was injured about three hundred and sixty times.

2. He did not, while working in the entry make any endeavor to ascertain the condition of the entry through which he passed.

3. He took no notice of nor did he pay any attention to the roof of the entry, or observe that the same was propped, and cross-timbers in it for the protection of the roof.

4. The defect in the roof of the entry at the point where plaintiff was injured was obvious and noticeable to a person going in or out of such entry.

5. It was not the duty of the plaintiff while driving for defendant to notice, examine, or pay any attention to the roof of the entry in which he was at work.

These in substance are the special findings.

It was no part of the duties of the plaintiff below to inspect or repair the entry to the mine. His employment was to drive

the mule hauling cars of coal from the rooms where mined to the hoisting shaft. It is true the jury found that he made no endeavor to ascertain the condition of the entry through which he passed, and that the defect in the roof of the entry was "obvious and noticeable to a person going in or out of such entry." There is no finding that he did notice its condition; or that he could, by the exercise of ordinary care, while passing through the entry, have discovered the defect. The person mentioned in the finding to whom it would be noticeable, might be an expert or one whose duty it was to inspect and repair such defects. To such a person a defect in the roof might be readily seen, because its discovery or presence formed a part of his duty, while it would not be obvious or noticeable to one whose duties were entirely different and who had primarily the right to rely upon the operator of the mine to keep the entry in reasonably safe condition.

· We think this branch of the case is ruled by the doctrine laid down by this court in *Wellston Coal Co.* v. *Smith,* 65 Ohio St., 70. The fourth section of the syllabus is:

"In the business of mining coal it is the duty of the owner or operator of a mine to furnish reasonably safe entries for the ingress and egress of those employed in such mine, and to keep such entries in a reasonably safe condition, and the miners may rely and presume that this duty has been properly performed."

It is also held in that connection, that:

"It is the duty of the miner, as to such entry, to use ordinary care for his own safety in view of what he knows or ought to know as to the condition of such entries; and he ought to know every fact which he would know if he exercised ordinary care to keep himself informed as to matters concerning which it is his duty to inquire in the employment in which he is engaged."

On page 82, through Burket, J., this court says:

"If the plaintiff knew the roof of the entry to be unsafe, and entered notwithstanding such knowledge, he was negligent and ought not to recover; but as it was the duty of the mine boss to furnish a reasonably safe entry, and to keep it in a reasonably safe condition, the miners could rely upon that duty being performed, and were not required to test and inspect the roof of the entry themselves and were not charged with knowledge of its unsafe condition, farther than the knowledge they would

ordinarily obtain in the proper discharge of the work they were employed to perform.''

We think this covers the whole law applicable to special findings, and we need not discuss them further. The judgment of the circuit court is affirmed.

*Judgment affirmed.*

DAVIS, J., dissenting.

I can not bring myself to concur in the last paragraph of the syllabus in this case, or in the judgment. It seems to me that both are illogical. In the syllabus it is said that: ''A servant employed in a coal mine, to haul cars of coal from the rooms where the coal is mined through an entry to a hoisting shaft, by the use of a mule and cars, is chargeable with actual notice of every fact which he would have known had he exercised ordinary care to keep himself informed as to matters concerning which it is his duty to inquire.'' This is sound law, and since the jury in its answers to special interrogatories found that the plaintiff had gone in and out through the entry three hundred and sixty times, and that while working in the entry he made no effort to ascertain the condition of the roof thereof and took no notice of and paid no attention to the roof of the entry nor the support thereof, and that the alleged defect was obvious and noticeable to a person going in and out of such entry, it seems to be conclusively established that he was chargeable with actual knowledge of the defect; for under such circumstances he could not be ignorant of that which was ''obvious and noticeable'' without the want of ordinary care. Yet, in the face of that which, to the average mind, must seem to be an irresistible inference from the law and facts as found, it is held that the plaintiff may nevertheless put behind him all knowledge or its equivalent, ability to know if he had looked, and blindly rely on the master to perform his duty to furnish him a safe place in which to work; and that when he is injured through the negligence of the master, he may recover therefor, notwithstanding he has assumed the risk with full knowledge, or has recklessly refused to see an obvious thing. That is precisely the effect of the judgment in this case, however the opinion may be worded, although I do not think that I have misconstrued the language

used. It seems to me that this ruling is contrary to all precedent and especially to the law as laid down in *Coal & Car Co.* v. *Norman,* 49 Ohio St., 598, and *Coal Co.* v. *Estievenard,* 53 Ohio St., 43. It is true that the plaintiff avers in his amended petition that he was without knowledge of the defect, but the jury has expressly found that he had such knowledge or the equivalent thereof.

It also seems to me to be both indefensible and misleading to indicate that this judgment follows *Wellston Coal Co.* v. *Smith,* 65 Ohio St., 70. I did not concur in that opinion in its entirety; but I never understood the ruling in that case as justifying a miner either in ignoring his actual knowledge, or in neglecting to know when knowledge was perfectly "obvious and noticeable"; for in this case the controversy is not about occult things which might require expert tests to discover. Under the facts specially found by the jury this was not a case requiring "tests" or "inspections" in order to discover the danger. Nor do I think the court so understood the cited case, for on page 82, Burket, J., says: "If the plaintiff below knew the roof of the entry to be unsafe, and entered notwithstanding such knowledge, he was negligent and ought not to recover;" and in the syllabus of the case it is held that: "It is the duty of a miner as to such entry to use ordinary care for his own safety in view of what he knows or ought to know as to the condition of such entries;" and surely he "ought to know" when he *could* know by mere looking. It is said in the case at bar that the jury found that it was not the plaintiff's duty to notice defects in the roof of the entry or in the supports thereof; but in a legal sense the jury could not find that, when the law requires that the plaintiff ought to know everything concerning his own safety which he could learn by the exercise of mere ordinary care. The special findings are absolutely irreconcilable with the general verdict, because they plainly indicate either, (1) assumption of risk with actual knowledge of the defect, or (2) want of ordinary care, or (3) both assumption of risk with knowledge of the defect and want of ordinary care. For the reasons here briefly outlined I entertain the opinion that the plaintiff in error is entitled to judgment on the special findings notwithstanding the general verdict.