The State, *ex rel.* Downard, Administrator, *v.* Templin *et al.*

We have considered the objections urged and do not find them objectionable.

The judgment is affirmed, with costs.

Filed Jan. 7, 1890; petition for a rehearing overruled Feb. 20, 1890.

| 122 | 235 |
| 124 | 357 |
| 122 | 235 |
| 130 | 546 |
| 122 | 235 |
| 138 | 549 |
| 122 | 235 |
| 141 | 539 |

No. 15,210.

THE STATE, EX REL. DOWNARD, ADMINISTRATOR, *v.* TEMPLIN ET AL.

NEW TRIAL.—*Limited Motion for.*—*Striking Case From Docket.*—Where a motion is made for a new trial as to certain issues in a cause, and the same is granted, although it may be error for the court to do so, the action of the court in entertaining and sustaining the motion is not void, jurisdiction over the subject-matter and the person being complete, and it is error for the court, on motion, to strike the case from the docket.

SAME.—*Granting Limited New Trial—Effect of.*—*Special Finding.*—Where an action, as in the present case, rests as a whole upon one instrument, or obligation, and the special finding is an entirety, an order granting a new trial which attempts to limit the new trial to certain issues has the legal effect to open up the whole case. The granting of a new trial has the effect to set aside the finding of the court, or verdict of the jury. A portion of a special finding can not be set aside without wiping out the whole of it.

From the Hendricks Circuit Court.

*C. Foley*, for appellant.

*L. M. Campbell*, for appellees.

BERKSHIRE, J.—This is an action upon an administrator's bond. The complaint was in one paragraph, but alleged five different breaches of the bond.

Answers were filed, and to the second paragraph of the

separate answer of the appellee Sarah Templin the appellant filed a reply, and the case being at issue was submitted to the court for determination, and a special finding asked for.

Afterwards the court made a special finding, and, upon the facts found, stated, as conclusions of law, that the appellant was entitled to recover on the third alleged breach of the bond, and on the others that the appellees were entitled to a judgment.

Thereupon the appellees paid into court the amount found in appellant's favor upon the said third assigned breach, and moved the court to tax certain items of cost against the appellant; which motion the court sustained, and rendered judgment against the relator for the amount. Afterwards the appellant moved for a new trial of the issues joined on the first alleged breach of the bond, and also moved for an order upon the clerk to pay to the relator the said sum of money paid into court by the appellees.

The court made the desired order with reference to the said money, and also sustained the motion for a new trial, and, by the language of the order made, limited the new trial to the issues joined upon the first alleged breach of the bond, and then continued the cause.

At the next following term of said court the appellees moved the court to strike the case from the docket, which motion was sustained, and the appellant reserved the proper exception.

From the judgment of the court striking the case from the docket this appeal is taken, and the only question presented for our consideration is the propriety of the court's ruling in sustaining said motion and rendering said judgment.

In our opinion the action of the court in this particular was erroneous.

As the appellant, by his motion, only demanded a new trial as to a part of the issues, and not as to the whole case, it may have been error for the court to entertain the motion,

The State, *ex rel.* Downard, Administrator, *v.* Templin *et al.*

but the action of the court in entertaining and sustaining the motion was not void.

Jurisdiction over the subject-matter and of the person was complete, hence none of its proceedings could be treated as having no binding force or effect.

All of its proceedings were binding upon the parties until set aside upon proper steps being taken, by its own action, or upon appeal to this court.

If the appellees had moved in the court below for a vacation of the order granting a new trial, and their motion had been sustained, they would have been relieved from the operation of the said order at least until set aside in the same manner or appealed from after final judgment. But the appellees did not see proper to pursue either the course indicated or take an appeal, but elected to treat the order as a nullity, and attempted to get rid of it by an attack in its nature collateral. This they could not successfully do.

Suppose the court had overruled their motion to strike the case from the docket, and gone on and tried the issues over again as to the first alleged breach of the bond, and rendered judgment for the appellant, could it be claimed that that judgment would have been of no binding force until set aside by some direct attack?

We apprehend that so long as it stood unreversed it would have had the same vitality and life that any valid judgment would have.

But what was the legal effect of the order of the court granting a new trial?

Notwithstanding the language used in the order granting the new trial, whereby the court attempted to limit the new trial to the issues joined on the first alleged breach of the bond, in our opinion the legal effect of the order of the court was to open up the whole case. The action rested, as a whole, upon one instrument, or obligation; the special finding was an entirety, and all rights of action in existence when the suit was brought, even as to such as were not in-

cluded in the complaint, would have been merged in the final judgment, had one been rendered.

In 3 Graham & Waterman New Trials, p. 1339, it is said : " If there be two distinct issues, or issues on two counts, and the verdict be not contrary to evidence as to one of them, the court will not grant a new trial, though it be contrary to evidence as to the other ; for since the verdict is right in part, the court will not set it aside." See *Lonsdale* v. *Brown*, 4 Wash. C. C. Rep. 148.

The granting of a new trial has the effect to set aside the finding of the court, or verdict of the jury.

A portion of a special finding can not be set aside without wiping out the whole of it.

The order in question had the effect to set aside all of that part of the finding of the court relating to the issues joined on the first alleged breach of the bond, and necessarily, therefore, wiped it out as a whole. *Bisel* v. *Tucker*, 121 Ind. 249. In that case the court below granted a new trial as of right (it being an action to quiet title) as to the complaint and the issues thereon joined, but refused to grant a new trial as to the cross-complaint. It is held in that case that the order of the court vacated the entire judgment, and opened up the whole case.

22 Am. Law Review, 419 : " The actual granting of a new trial supersedes the effect of the former trial ; or wipes out the verdict ; no judgment can be rendered upon it, nor is it a bar to any proceeding. The case goes back upon all the issues of fact." Hilliard New Trials, 74. See *Edwards* v. *Edwards*, 22 Ill. 121 ; *Hidden* v. *Jordan*, 28 Cal. 301.

But if our conclusions were wrong upon the propositions considered above, there is still another reason why the ruling of the court was erroneous. The case had not been finally disposed of, and was properly on the docket, and should have remained thereon until final judgment.

Judgment reversed, with costs, with directions to the court below to redocket the action and proceed in accordance with this opinion.

Filed Feb. 7, 1890; petition for a rehearing overruled Feb. 20, 1890.