# Crawford & McCrimmon Company *v*. Gose.

[No. 21,420.    Filed March 19, 1909.]

1.  PLEADING.—*Complaint.—Master and Servant.—Factory Act.—
Guarding Cogwheels.—Proximate Cause.*—A complaint alleging
that while plaintiff "was engaged in turning the handle" attached
to cogwheels which governed the movement of a crane in a
foundry, "his hand slipped off the same, the handle thereupon
reversed its motion, struck the [plaintiff's] hand, knocked it over
between said cogs, and it was injured," is bad, since it may be
inferred that the slipping of the hand was the result of plain-
tiff's own negligence, the plaintiff, therefore, being guilty of con-
tributory negligence.  p. 82.
2.  NEGLIGENCE.—*Proximate Cause.—Factory Act.*—Although sec-
tion nine of the factory act (Acts 1899, p. 231, §8029 Burns 1908)
requires that "all * * * cogs * * * therein [in all fac-

tories] shall be properly guarded," where a factory employe's hand slips into an unguarded cogwheel and is injured thereby, the proximate cause of the injury must be regarded as the slipping of the hand, and not the failure of the factory owner to guard the cogwheel. *P. H. & F. M. Roots Co.* v. *Meeker*, 165 Ind. 132, approved and followed.    p. 83.

From Clay Circuit Court; *Presley O. Colliver,* Judge.

Action by John W. Gose against the Crawford & McCrimmon Company.    From a judgment on a verdict for plaintiff for $345, defendant appeals.    Transferred from Appellate Court (see 43 Ind. App. 373) under §1394 Burns 1908, cl. 1, Acts 1901, p. 565, §10.    *Reversed.*

*McNutt & Shattuck* and *George H. Batchelor,* for appellant.

*George A. Knight* and *A. W. Knight,* for appellee.

Per Curiam.—This is an action by appellee to recover damages for personal injuries alleged to have been caused by appellant's failure to comply with that provision of the factory act requiring cogwheels to be guarded.    §8029 Burns 1908, Acts 1899, p. 231, §9.    A demurrer to the complaint for want of facts was overruled, a general denial was filed, trial had, a verdict returned in appellee's favor, appellant's motion for a new trial overruled, and judgment rendered on the verdict.

The material allegations of appellee's complaint are that the appellant was engaged in the business of operating a foundry and machine plant.    Appellee was in its 1. employ in the foundry department of appellant's business, in the capacity of a molder's helper.    It was his duty, under his employment, to lift, by means of a crane, to the top of the molds used about the plant, iron vessels filled with molten metal; that the crane used in the business was equipped with hoisting tackle and cogwheels; that the cogwheels were operated by turning a handle by hand power, in proximity to and connected with the wheels; that the

handle being operated caused the cogwheels to turn, and to lift or lower the vessels containing the molten metal suspended at the end of the crane; that while appellee was engaged in turning the handle his hand slipped off the same, the handle thereupon reversed its motion, struck the appellee's hand, knocked it over between said cogs, and it was injured; that it was appellant's duty properly to guard and protect the cogwheels. The same could have been protected by guards without interfering with the proper operation of the crane, and the accident to appellee would not have occurred had the appellant performed its duty in that respect.

It is not alleged that there was any defect or infirmity in the handle that caused appellee's hand to slip therefrom. So far as shown by the complaint, appellee's hand slipped from the handle as the result of his own negligence, or from some other cause for which appellant was not to blame.

The averments of the complaint in this case, with reference to the accident resulting in appellee's injury, are that

2. the appellee's hand slipped off the handle with which he was operating the cogwheels, and that the reverse motion of the handle struck the appellee's hand and knocked it into the cogs, and it was thereby injured. It is thus made to appear that the proximate cause of appellee's injury was his hand's slipping off the handle of the crank with which he operated the cogwheels. This brings the case within the rule as to proximate cause declared in *P. H. & F. M. Roots Co.* v. *Meeker* (1905), 165 Ind. 132, which case was cited with approval on that question in *Chicago, etc., R. Co.* v. *Dinius* (1908), 170 Ind. 222, 228-232. Under the rule declared in that case the court erred in overruling appellant's demurrer to the complaint. This conclusion renders it unnecessary for us to decide whether the cogs upon said crane operated by hand came within the factory act, and, if they did, whether said act required the same to be "properly guarded."

We see no reason for departing from said rule declared in P. H. & F. M. Roots Co. v. Meeker, supra, and upon the authority of that case the judgment in this case is reversed, with instructions to sustain the demurrer to the complaint.