# HOHENSTEIN-HARTMETZ FURNITURE COMPANY
## *v.* MATTHEWS

[No. 6,982.   Filed June 28, 1910.   Rehearing denied November 15, 1910.   Transfer denied December 15, 1910.]

1. MASTER AND SERVANT.—*Unguarded Countershaft.—Complaint.*—A complaint alleging that the plaintiff was operating a miter machine, used as a rip-saw, that it was run by a belt connected with a pulley on an unguarded countershaft, that one of the pieces cut by the saw fell on the countershaft and was violently thrown toward plaintiff, striking him, to his damage, and that if the countershaft had been enclosed, as it was practicable so to do, the injury would not have occurred, states a cause of action.   p. 618.

2. MASTER AND SERVANT.—*Unguarded Countershaft.—Complaint.—Conclusions.*—An allegation "that if the countershaft had been guarded the timber would not have been thrown," though a conclusion, does not vitiate a complaint, where the facts alleged show that the failure to cover the countershaft caused the injury. p. 619.

3. MASTER AND SERVANT.—*Factory Act.—Countershaft.—"Shafting."*—The word "shafting," as used in section 9 of the factory act (Acts 1899 p. 231, §8029 Burns 1908) includes "countershafts." p. 620.

4. MASTER AND SERVANT.—*Unguarded Machinery.—Allegations of Danger.*—Where the injury sued for is caused by the failure to guard a machine required by law to be guarded, the complaint need not allege that such machine is dangerous.   p. 620.

5. NEGLIGENCE.—*Dangerous Machinery.— Failure to Guard.*—The failure of a master to guard a countershaft in a factory constitutes negligence *per se.*   p. 620.

6. TRIAL.—*Argument to Jury.— Improper Remarks.— How Questioned.—Appeal.*—To present any question as to improper remarks of counsel in the argument to the jury, the complaining party must make a motion in regard thereto, save an exception to the ruling thereon, and make it a ground for a motion for a new trial. p. 620.

7. MASTER AND SERVANT.—*Unguarded Countershaft.—Pulley.—Instructions.*—Instructions referring to a stick as being thrown by the countershaft in a factory are not erroneous on the ground that such stick was thrown by a pulley on the countershaft, since the pulley constituted a part of the countershaft.   p. 620.

8. MASTER AND SERVANT.—*Unguarded Machinery.—Instructions.—Evidence.*—An instruction that it is the duty of a manufacturer properly to guard the shafts, pulleys, or belts used, if practicable,

NOVEMBER TERM, 1910.      617

Hohenstein-Hartmetz, etc., Co. *v.* Matthews—46 Ind. App. 616.

is not erroneous on the ground that it makes the master liable regardless of whether the servant was at work in the line of duty, where the evidence shows that he was so engaged. p. 621.

9. MASTER AND SERVANT.—*Damages.—Loss of Time and Earnings.* —An instruction that in determining the amount of damages, the jury should consider the plaintiff's loss of time and earnings because of the alleged injury, is not harmful, especially where he testified that he had lost both time and earnings. p. 621.

10. DAMAGES.—*Excessive.*—Where the damages are not so great, in view of the evidence, as to induce the belief that the jury acted from prejudice or corruption, the judgment will not be disturbed. p. 621.

11. MASTER AND SERVANT.—*Dangerous Machinery.—Countershaft. —Evidence.*—Where the evidence shows that the plaintiff was operating a miter machine run by an unguarded pulley on a countershaft, that a stick fell onto such pulley and was hurled against plaintiff, to his damage, a judgment for the plaintiff will be upheld, though the complaint alleged that the stick was hurled by the countershaft. p. 622.

12. MASTER AND SERVANT.—*Factory Act.—"Shafting."—Pulleys.*— The word "shafting," as used in section 9 of the factory act (Acts 1899 p. 231, §8029 Burns 1908) includes the pulleys attached thereto. p. 622.

13. MASTER AND SERVANT.—*Negligence.—Factory Act.—Anticipation of Injury.*—Where an injury is due to the master's violation of the factory act, it is not necessary that the injury should have been anticipated. p. 623.

From Spencer Circuit Court; *Roscoe Kiper,* Judge.

Action by Herbert Matthews against the Hohenstein-Hartmetz Furniture Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Charles L. Wedding,* for appellant.

*Frank B. Posey, W. D. Hardy* and *Frank Roeber,* for appellee.

COMSTOCK, C. J.—Appellee sued appellant for damages for personal injuries alleged to have been received by him while in the employ of said company. The amended complaint is in three paragraphs, the second and third paragraphs of which were dismissed before the cause was submitted to the jury.

The first paragraph of the amended complaint alleges

that defendant was, on November 10, 1906, as a corporation organized and doing business under and by virtue of the laws of the State of Indiana, operating a furniture factory; that prior to said November 10 plaintiff was employed by the defendant to work in said factory, and on said day, while in the regular discharge of said employment, he was engaged in operating a miter machine, which at said time was being used as a ripsaw; that said miter machine was supplied with power by a belt connecting the mandrel of the saw with a tight pulley on a countershaft, which countershaft was fastened to and running parallel with the floor of the factory, about two feet in the rear of said machine; that the material which plaintiff was sawing fell to the floor from the table of said machine as it was pushed against said saw and from said table in the regular and proper order of doing said work and operating said saw, and that said material, which at said time consisted of small pieces of timber, fell to said floor, as aforesaid, near said shaft; that on said day, while plaintiff was engaged in operating said saw in the performance of the duties of his employment, one of said pieces of timber which was pushed from said table, as aforesaid, fell upon said countershaft, and was by said countershaft hurled and thrown against plaintiff, striking him with great force on the abdomen, and seriously and permanently injuring him, and producing hernia, and causing him to lose much time from his work, and to expend $100 for treatment and medical services; that said countershaft was entirely open, exposed and unguarded; that said countershaft could have been guarded, enclosed, boxed and protected without interfering with its efficient use, and that if said countershaft had been guarded, enclosed, boxed and protected said piece of timber could not and would not have been hurled and thrown as aforesaid, and plaintiff would not have been injured as aforesaid; that defendant negligently

failed to guard said shaft, and that said injury to plaintiff was caused solely by said negligence of defendant.

A demurrer for want of facts to this paragraph was over-ruled and exception taken, and the cause put at issue by general denial. A jury returned a verdict in favor of plaintiff for $1,000, upon which the court rendered judg-ment. Appellant's motion for a new trial was overruled.

The errors relied upon challenge the sufficiency of this paragraph of the complaint and, the action of the court in overruling appellant's motion for a new trial.

The objections made to said paragraph are (1) that it does not show that the throwing of the stick and the in-jury were caused by the lack of a guard; (2) that the al-legation, that the accident could not and would not have happened ''if said shaft had been guarded, enclosed, boxed and protected,'' is a statement of opinion or conclusion, and not of fact; (3), (4), (6) that the statute does not include a countershaft, and does not require that it be guarded; (5) that it fails to show that the machine was dangerous, that a guard was necessary, and that appellee had to work in the immediate vicinity of it; (7) that the statement that the pulley was not guarded is without effect, as the statute does not require pulleys to be guarded, and there is no allegation that it was dangerous.

Considering these objections in their order, the complaint alleges that the piece of timber when pushed from the table fell upon and was thrown by the countershaft against plaintiff, and that if the countershaft had been guarded the timber would not have fallen on it, and would not have been thrown against plaintiff. The state-ment, ''that if the countershaft had been guarded the tim-ber would not have been thrown,'' etc., may be a conclusion of the pleader, but it is a conclusion which necessarily fol-lows the statement of lack of guard.

The statute (§8029 Burns 1908, Acts 1899 p. 231, §9),

providing that "all vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery of every

3.   description therein shall be properly guarded," etc., includes countershafts, under the general term "shafting," being only a specific designation under that term. *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290.

As the statute required the shafting to be guarded, it is not necessary to allege that it is dangerous, nor that the pulley which is a necessary attachment of the coun-

4.   tershaft is dangerous. No statement is made as to the guarded or unguarded condition of the pulley. Said paragraph is sufficient to withstand a demurrer. *Evansville Hoop, etc., Co.* v. *Bailey* (1909), 43 Ind. App. 153.

The failure to guard the machinery in question was

5.   negligence *per se.* *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599.

In the closing argument to the jury, the attorney for plaintiff said: "These gentlemen are not liable for anything. They have organized as a corporation to es-

6.   cape liability," to which defendant objected and excepted, as improper. The court overruled the objection. This action of the court is made a reason for a new trial. Under §655 Burns 1908, §625 R. S. 1881, the remedy for defendant was to make a specific motion to the court and reserve an exception to the ruling thereof. It is only where the court has refused to sustain a proper motion that an exception can be reserved to an improper remark in the argument. *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617.

Instructions one, eight, nine, ten, eleven and fifteen, given to the jury, are objected to as inapplicable, because they refer to plaintiff's injury as being caused by the stick

7.   thrown by the countershaft, and a failure to guard the countershaft, when, in fact, the evidence shows that it

was thrown from the pulley. Inasmuch as the pulley was a part of the countershaft, the point is not well taken.

The seventh instruction told the jury that it was the duty of persons operating manufacturing establishments, properly to guard the shafts, pulleys or belts used, if the guard could be properly placed without interfering with the efficient use of said shafts, pulleys or belts. It is insisted that this instruction is erroneous, because it made appellant liable for appellee's injury, if appellant did not properly guard the machine, when the jury should have been instructed further, that the party injured must have been in the line of his duty and working in the vicinity of the unguarded machine when he was hurt. The uncontradicted evidence shows that appellee was working in the line of his duty and in the immediate vicinity of the unguarded machine. The omission complained of could not, therefore, have prejudiced appellant.

The eighteenth instruction was made a reason for a new trial, because it directed the jury to take into consideration any evidence showing loss of time of appellee and ability to earn money. This objection is based on the ground that the evidence was, as appellant claimed, that appellee earned more money after than before his injury. So far as the objection made is concerned, the alleged error was harmless. But it was not error. The plaintiff testified that his earning capacity was less since he received his injury.

That the damages are excessive is another reason given in the motion for a new trial. As the damages assessed are not so great, in view of the evidence, as to induce the belief that the jury acted from prejudice, partiality or corruption, we are not justified in disturbing the verdict. *Lauter* v. *Duckworth* (1898), 19 Ind. App. 535.

Another reason given in said motion is that the verdict is contrary to law, and not sustained by sufficient evidence:

622    APPELLATE COURT OF INDIANA,

Hohenstein-Hartmetz, etc., Co. *v.* Matthews—46 Ind. App. 616.

The evidence was, without contradiction, that, at the time of the injury, appellee was in the employ of appellant, and in the line of his duty, running a miter machine on a table "about as high as his waist," with a top thirty-six by forty-three inches; that he was engaged in sawing small pieces of timber twelve or fifteen inches in length and three-fourths of an inch thick; that the countershaft was directly back, "well inside," about two and one-half feet back from the edge of the table and about eighteen inches from the floor. It consisted of a steel rod two inches in thickness, running parallel with the table, and about two feet from the table at which appellee was working. To this shaft three pulleys were attached, one loose, one tight, and one that propelled the machine. The one that propelled the machine was the one that threw the piece of wood against appellee, inflicting the injuries complained of. The shaft and pulleys were unguarded.

The paragraph of complaint in question makes no mention of the guarded or unguarded condition of the pulley or pulleys, nor does the statute designate a pulley as a part of a machine to be guarded.

It is argued, therefore, that as the evidence shows that the piece of wood was thrown by the pulley and not by the shaft, there is no evidence to sustain the verdict. The word "shaft," when used in connection with, or as applied to, factories, is defined as a revolving bar to convey the force which is generated by some prime mover to the different working machines. A line or main shaft in a factory is of considerable length, and usually bears a number of pulleys by which power is transmitted to countershafts. See Webster's Dict., and Century Dict. A shaft alone is a bar of long, slim shape, and does not necessarily threaten danger. It was the purpose of the legislature, under the act in question, to protect the employe from shafts, and pulleys necessarily attached thereto. The reason for this construction is made apparent by the accident in this case, in which

it appears from the evidence that the machinery in question could have been guarded without interfering with its efficiency.

It is urged in behalf of appellant that the accident was one not reasonably to be anticipated. Where the injury is due to a disregard of a positive statute, it is not necessary that any injury should be foreseen. *Cincinnati etc., R. Co.* v. *Acrea* (1908), 42 Ind. App. 127, and cases cited. But we cannot say that an accident of the kind in question was not likely to happen under the circumstances shown by the evidence.

An examination of the record discloses no reversible error. Judgment affirmed.