# King *v.* Inland Steel Company.

[No. 21,870.   Filed November 2, 1911.   Rehearing denied February 23, 1912.]

1.  Appeal.—*Record and Proceedings Not in Record.—Precipe.— General Rule.*—The general rule is that papers which are independent and distinct from those specifically directed by the precipe to be incorporated in the transcript on appeal, though included in the record, are not properly parts thereof.   p. 203.

2.  Appeal.—*Record.— Precipe.— Incidental Proceedings.*—Where the precipe called for a transcript on appeal containing plaintiff's amended complaint, defendant's demurrer thereto, and the ruling of the court thereon, the entries showing the filing of the amended complaint and the demurrer are incidental to the parts of the record specifically called for and were properly included. p. 203.

3.  Master and Servant.—*Injury to Servant.—Unguarded Cogs.— Complaint.—Allegations.*—Under §8029 Burns 1908, §9 Acts 1899 p. 231, cogs are impressed with the character of dangerous machinery and are required to be guarded, and in a complaint by an employe for injuries sustained by reason of unguarded cogs it was not necessary to allege that they were dangerous.   p. 206.

4.  Master and Servant.—*Injury to Servant.—Complaint.—Allegations.—Working Near Cogs.*—A complaint by an employe for injuries sustained by reason of unguarded cogs, alleging that plaintiff at the time of his injury was required to do work which was in immediate proximity to such cogs, is not defective for failure to allege that plaintiff was required to work in "dangerous proximity" thereto.   p. 206.

5.  Master and Servant.—*Injury to Servant.—Complaint.—Allegations.—Servant in Line of Duty.*—A complaint by an employe for injuries sustained by reason of unguarded cogs, alleging his employment by defendant to work in and about its rolling-mills and that he was injured while in the course of his employment,

King v. Inland Steel Co.—177 Ind. 201.

doing work required of him by defendant, sufficiently shows that at the time of the injury plaintiff was in the line of his duty. p. 207.

6. NEGLIGENCE.—*Proximate Cause.—Test.*—A test of proximate cause is to be found in the probability of injurious consequences fairly to be anticipated from the omission of duty or the negligent act. p. 207.

7. MASTER AND SERVANT.—*Injury to Servant.—Unguarded Cogs.—Proximate Cause.*—Where defendant failed to comply with the statute (§8029 Burns 1908, §9 Acts 1899 p. 231) with reference to guarding cogs, it was bound to anticipate that injury to its employes might result from such failure, and where the cogs were set in motion while plaintiff was at work standing on a piece of iron immediately above same and his foot slipped into said cogs and was injured, the failure of plaintiff to guard said cogs was the proximate cause of the injury. *P. H. & F. M. Roots Co.* v. *Meeker* (1905), 165 Ind. 132, and *Crawford & McCrimmon Co.* v. *Gose* (1909), 172 Ind. 222, overruled. pp. 207, 212.

8. MASTER AND SERVANT.—*Injury to Servant.—Proximate Cause.—Concurring Cause.*—Where the master failed to guard cogs as required by §8029 Burns 1908, §9 Acts 1899 p. 231, and the plaintiff's foot slipped into the cogs when they were set in motion, the setting of the cogs in motion was not an intervening cause that will prevent a recovery, but a concurring cause of the injury, of which the violation of the statute was the proximate cause. p. 208.

9. APPEAL.—*Review.—New Trial.—Cross-Assignment of Error Occurring Before Granting of New Trial.*—Where defendant procured the court to grant it a new trial it waived any alleged errors preceding that motion, and its cross-assignment of such errors presents no question for review on appeal. p. 210.

10. MASTER AND SERVANT.—*Injury to Servant.—Injury from Unguarded Cogs.—Statute.—Complaint.*—Construing §8029 Burns 1908, §9 Acts 1899 p. 321, to require cogs to be guarded only when located in a place rendering them dangerous to workmen, a complaint which alleges that the cogs were thirteen inches above the floor, that they were not guarded, that plaintiff and other employes were required to work at and near them, that they could have been guarded, and that plaintiff was injured thereby, is sufficient to show the dangerous character of such cogs, without an express allegation that they were dangerous. p. 211.

11. COURTS.—*Stare Decisis.—Personal Injury Cases.*—Although the rule of *stare decisis* may require the court to follow erroneous decisions where they have become a rule of property, the court will not be bound by such error in actions for personal injury. p. 212.

King v. Inland Steel Co.—177 Ind. 201.

From Lake Superior Court; *Virgil S. Reiter*, Judge.

Action by Martin S. King against the Inland Steel Company. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*F. N. Gavit* and *J. E. Westfall*, for appellant.

*L. L. Bomberger, J. A. Bloomingston* and *Bomberger, Sawyer & Curtis*, for appellee.

Cox, J.—This appeal is an action brought by appellant against appellee to recover damages for personal injuries. A demurrer was sustained to appellant's amended complaint by the lower court, and that ruling is assigned by appellant as error.

Counsel for appellee make the point that appellant has not presented a record to this court which presents the question.

1. The transcript contains the entry of the filing of the amended complaint, the amended complaint, the entry showing the filing of appellee's demurrer to it, the demurrer, the ruling of the court sustaining the demurrer and appellant's exception thereto, appellant's refusal to plead further, and the judgment. It is contended that as appellant's counsel specifically directed the clerk what parts of the record to copy into the transcript, only such entries and papers are properly parts of the record. The general rule is as stated, in so far as entries and papers are concerned which are independent and distinct from those specifically directed by the precipe to be incorporated in the transcript. *Reid* v. *Houston* (1874), 49 Ind. 181; *Allen* v. *Gavin* (1892), 130 Ind. 190, 29 N. E. 363; *Workman* v. *State, ex rel.* (1905), 165 Ind. 42, 73 N. E. 917.

2. Here the precipe called for "a transcript containing plaintiff's amended complaint, defendant's demurrer thereto, the ruling of the court in sustaining defendant's demurrer to plaintiff's amended complaint, plaintiff's objection and exception to the ruling of the court in

sustaining defendant's demurrer to plaintiff's amended complaint, and the final judgment" in the cause. The clerk has also incorporated the entries, incidental to the amended complaint and the demurrer thereto, showing the filing of them. It is contended by counsel for appellee, that the entries showing the filing of the amended complaint, and the demurrer not having been called for by the precipe, are improperly in the transcript, and cannot be considered, and therefore, the record not showing that the amended complaint and the demurrer thereto were ever filed, no question on the ruling complained of is presented. The objection to the state of the record is highly technical, and moreover clearly not within the general rule above stated. The entries incorporated in the transcript, without specific directions in the precipe therefor, are purely incidental to the parts of the record called for, and in such case the rule is that the precipe is to be given a liberal construction, and such entries will be deemed to be impliedly embraced in the specific directions. *Allen* v. *Gavin, supra.*

The amended complaint is based on the failure of appellee to guard certain uncovered cog-wheels, as required by §9 of the factory act of 1899 (Acts 1899 p. 231, §8029 Burns 1908), and is as follows: "The plaintiff for amended complaint complains of defendant, and says that defendant is a corporation duly organized as such; that at the time plaintiff received the injuries hereinafter alleged, and for more than two years prior thereto, defendant was engaged in operating a certain rolling-mill in the city of East Chicago, in said county, and in the manufacture of iron and steel therein, and plaintiff was employed by defendant to work in and about said rolling-mill, and acting in the course of his said employment. That at the time plaintiff received his said injuries, and for more than two years prior thereto, defendant continuously maintained in said rolling-mill, a certain set of gearing consisting of cog-wheels so placed, that the cogs in each of them fitted into the spaces between the cogs in

each of the others, which cog-wheels, when in operation, were caused to revolve rapidly by steam-power. That said cog-wheels were elevated above the floor of said rolling-mill thirteen inches, and in the operation of said rolling-mill the plaintiff and other workmen were required to work at and near the same while the same were revolving. That defendant carelessly and negligently maintained said cog-wheels, and required plaintiff and others to work at and near the same without having any covering or guard or other protection to prevent plaintiff and such other workmen from coming into contact with the same while in motion, and carelessly and negligently failed to properly guard said cog-wheels in any manner whatever. That said cog-wheels could be guarded, and it was perfectly feasible, practicable and possible to guard the same without in any way interfering with the efficiency of said cog-wheels or the machinery turned by the same, or any part of the machinery in said rolling-mill. That it was so feasible, practicable and possible to properly guard said cog-wheels or gearing by placing a covering over the same. That on the 28th day of February, 1907, plaintiff in the course of his said employment was required to and did step upon a certain piece of iron projected and raised six inches above said cog-wheels and near to the same, in order that he might adjust some machinery over said cog-wheels, and did so step upon said projecting piece at a time when said cog-wheels were not in motion, and were not expected to be put in motion until plaintiff should complete his said adjustment and move his foot from said position, and while so stepping said cog-wheels were, by defendant, caused to be put in motion without any notice or warning to plaintiff, and plaintiff's said foot slipped from said piece of iron and into said cog-wheels while in motion, and when plaintiff's said foot had so slipped into said cog-wheels, said cog-wheels continued to revolve, and did so crush, bruise and injure his said foot that it became and was necessary, in order to save plaintiff's life, that the leg

of his said foot be amputated, at a point two inches above the ankle joint, and said leg was so amputated at said joint in order to save plaintiff's life. That the injury to plaintiff was caused by the carelessness and negligence of defendant in failing to guard said cog-wheels and in operating the same without guard; that by reason of his injury, sustained as aforesaid, plaintiff became and was sick, sore and lame, and has so continued to the present time and will so continue through life, has lost his said foot and leg, has been unable to do any work or labor from the time of his injury to the present time and will so continue during life, has suffered great pain and anguish, both of body and mind, and will so continue to suffer during life, that his said injury has brought about a humiliating appearance." Following these allegations are others, showing the age of appellant, his earning capacity, and the expenses which he had incurred by his injuries, and there is a demand for judgment.

The first criticism of the amended complaint pressed by counsel for appellee is that it does not allege that the uncovered cogs were dangerous. This was not necessary. 3. The statute expressly impresses on cogs the character of dangerous machinery, and requires that they shall be guarded for the protection of employes. *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 153, 64 N. E. 610, 58 L. R. A. 944; *Hohenstine-Hartmetz, etc., Co.* v. *Matthews* (1910), 46 Ind. App. 616, 92 N. E. 196.

In this complaint it is alleged that appellee maintained a gearing, consisting of cog-wheels thirteen inches above the floor, without covering or guards or other protection, and required appellant and others to work at and near them. That these cogs could have been guarded without impairing their efficiency, or that of the machinery of which they were a part, and these allegations are sufficient to show a violation of the statutory duty to guard the cogs, without ex- 4. pressly designating them as dangerous. Nor is the complaint defective for failing to allege that employes

of appellee were required to work in "dangerous proximity" to the unguarded cogs. The allegations are that appellant and other employes were required to work at and near them, and that appellant at the time of his injury was required to do work which was in immediate proximity to the unguarded cogs.

The further objection that the allegations do not show that appellant was in the line of his duty is not well made. This is clearly shown by the allegations that he was employed by appellee to work in and about its rolling-mill, and that at the time of his injury he was, while in the course of his employment, doing work required of him by appellee to adjust machinery near the cog-wheels, to do which he was standing on a piece of iron near to and projecting six inches above them.

It is finally contended that the allegations of the amended complaint show that the proximate cause of appellee's injuries was the starting of the machinery of which the cogs were a part, and not the failure to guard the cogs. A test of proximate cause is to be found in the probability of injurious consequences fairly to be anticipated from the omission of duty or the negligent act. The omission of duty charged in the complaint was the failure to guard the gearing of cog-wheels, as required by the statute. That such exposed machinery, about which employes in factories and mills work constantly, render danger of injury to them is well known. The fact that such injuries were constantly happening, the lawmaking power of the state took cognizance of, and passed the act under which this action is brought. When appellee failed to comply with the law in the particular involved in this case, it was bound to anticipate that injury to its employes might result from its failure. It was not necessary that it should foresee the identical injury to appellant, involved here. *Davis* v. *Mercer Lumber Co.* (1904), 164 Ind. 413, 73 N. E. 899; *Hohenstine-Hartmetz, etc., Co.* v. *Matthews, supra;* 1 Thompson, Negli-

gence, §59. It was, however, the purpose of the section in question to make it impossible for just such untoward accidents as this to happen. Unguarded cogs would doubtless be harmless but for the multitude of fortuitous happenings which constantly beset the workmen in mills and factories.

Neither logic nor sophistry can argue away the very obvious fact that but for appellee's violation of the duty expressly imposed by statute appellant would not have received the injury complained of, and the question of intervening agency or mischance, for which appellant is in nowise responsible, should not be controlling to the absolution of appellee for its wrong. The negligence of appellee was present at the very beginning of the series of events which led up to appellant's injury, and it continued along with all of them and caused his injury. There was no time when the casual connection of appellee's breach of duty with appellant's injury was broken. It was the first, the immediate and efficient cause. This is proximate cause. It may be conceded that the starting of the machinery was, also, a proximate cause, that without the moving of the gears, of which the cogs were a part, the accident to appellant could not have happened, even though the cogs were exposed in violation of the statute, yet it is equally true that without the failure of the statutory duty to cover the cogs the injury could not have happened, even though the machinery was set to running. Whether the machinery was set in motion by a nonresponsible agency, or by a fellow servant, or, as alleged in the complaint, by the master, can make no difference, as in either event it but concurred, as a proximate cause, with the negligence involved in the violation of the statute which must be regarded as a proximate cause. The starting of the machinery with the cogs covered would not have caused appellant's injury. It is the intervening agency, which of itself, unaffected by the preceding negligence, caused the injury, which will prevent a recovery. An intervening agency which merely concurs with that

counted on as constituting the cause of action does not defeat it. 1 Thompson, Negligence §§54, 56, 68; 1 Shearman & Redfield, Negligence (5th ed.) §§26, 31, 32; *Davis* v. *Mercer Lumber Co., supra; Bessler* v. *Laughlin* (1907), 168 Ind. 38, 79 N. E. 1033; *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 88 N. E. 69; *Evansville Hoop, etc., Co.* v. *Bailey* (1909), 43 Ind. App. 153, 84 N. E. 549; *Cook* v. *Ormsby* (1910), 45 Ind. App. 352, 89 N. E. 525; *Buehner* v. *Creamery, etc., Mfg. Co.* (1904), 124 Iowa 445, 100 N. W. 345, 104 Am. St. 354.

In *Bessler* v. *Laughlin, supra,* it was held by this court that a vat cover which fell against the plaintiff and caused him to fall into an unguarded vat, was not such an intervening cause as would break the causal connection between the defendant's breach of duty in failing to guard the vat, under this same section of the statute, and prevent a recovery therefor.

In *Cook* v. *Ormsby, supra,* appellant was operating for appellees a saw, required by the statute to be guarded. Appellees had failed to provide a guard. A fellow servant of appellant came up behind him, and pinched or pushed him, which caused him to start and thrust his hand forward against the saw, and he was injured. It was contended there as here that the intervening agency was the proximate cause of the injury to the appellant, and that the violation of the statute by appellees was thereby rendered a remote cause. It was held by the Appellate Court, that the fact that had the saw been properly guarded the injury would have been avoided, made it wholly immaterial that the act of the fellow servant concurred in the incidents which produced it.

The amended complaint is not subject to any of the objections urged against it, and the court below erred in sustaining appellee's demurrer to it.

Before the filing of the amended complaint, the sufficiency of which has just been considered, this cause had been tried

and a general verdict returned in favor of appellant, together with answers to special interrogatories touching the facts involved. Appellee filed a motion for judgment in its favor on the interrogatories and the answers thereto and also for a new trial, after which the court overruled the first and sustained the latter. After the granting of the new trial to appellee the amended complaint involved in this appeal was filed by appellant. Appellee has brought to this court, and has filed as a part of the record in this appeal, a transcript of the record in the former trial, showing the matters just stated, and has assigned as cross-error that the court below erred in overruling its motion for judgement *non obstante.* The cross-error presents no question for consideration. When appellee procured the trial court to grant it a new trial, it waived any alleged errors preceding that motion. The effect of granting the new trial was to wipe the slate clean between the parties and render moot the questions sought to be raised by the cross-errors which appellee attempts to assign. *State, ex rel.,* v. *Templin* (1890), 122 Ind. 235, 23 N. E. 697; *Louisville, etc., R. Co.* v. *Miller* (1895), 141 Ind. 533, 37 N. E. 343; Ewbank's Manual §§55, 255.

The judgment is reversed, with instructions to overrule appellee's demurrer to the amended complaint, and for further proceedings not inconsistent with this opinion.

## ON PETITION FOR REHEARING.

Cox, J.—Counsel for appellee, in support of its petition for rehearing, have presented a much more extended and thorough brief on the questions involved than that presented for the first consideration of the case.

It is vigorously insisted that the complaint is insufficient, in that, it is claimed, it does not allege that the unguarded cogs were located in a place which rendered them dangerous

to workmen.  It may well be, as contended by counsel, that the factory act does not require the guarding of all cogs, but only such as are dangerous by reason of their location and use, and still it must be manifest that the complaint is sufficient without the express allegation that the cogs were dangerous, for it was alleged that they were thirteen inches above the floor, that appellant had negligently failed to properly guard them in any manner whatever, that appellee and other employes of appellant were required to work at and near them, without having any covering or guard or other protection to prevent appellee and such other workmen from coming into contact with them, that it was practicable to guard them without interfering with their efficiency, and that appellant received his injury, while discharging duties of his employment, by his foot slipping directly into the cogs.  These facts show the use of machinery characterized by the act as dangerous, that it was used without guard in a place where it would be a menace to the employes, and that appellant was injured by it. Notwithstanding the assertion of counsel for appellee to the contrary, they are obviously contending for a forced and strained construction of the complaint, and are supporting their contention by technical objections to it not warranted by its allegations.  The complaint in this respect states a cause of action under the statute.

Counsel for appellee in their original brief made the point that the starting of the cogs, and not their unguarded condition, was the proximate cause of appellant's injury, and that the complaint, for that reason, did not state a cause of action under the statute, and they cited in support of it the cases of *P. H. & F. M. Roots Co.* v. *Meeker* (1905), 165 Ind. 132, 73 N. E. 253; *Crawford & McCrimmon Co.* v. *Gose* (1909), 172 Ind. 81, 87 N. E. 711, and *Chicago, etc., R. Co.* v. *Dinius* (1908), 170 Ind. 222, 84 N. E. 9.  Complaint is now made that the court in this case reached a conclusion on the ques-

tion not in harmony with those decisions. The writer of the opinion of the court in the case of *Chicago, etc., R. Co.* v. *Dinius, supra,* in citing the case of *P. H. & F. M. Roots Co.* v. *Meeker, supra,* considered it only an analogous case. The causes of action, as well as the facts of the two cases, are different, and the case of *Chicago, etc., R. Co.* v. *Dinius, supra,* is distinguishable from the one before us. As to the cases of *P. H. & F. M. Roots Co.* v. *Meeker, supra,* and *Crawford & McCrimmon Co.* v. *Gose, supra,* counsel are right, and the law as declared on this question in this case cannot stand, if they are to be recognized as authority. The rule of *stare decisis,* which counsel invoke to induce us to adhere to those decisions, cannot chain us to error. That may be so when decisions have become a rule of property, but not in decisions involving a subject-matter such as here affected. Moreover, these cases do not stand as the sole expression of the law on the subject, and the soundness of the two cases has been impliedly questioned—if they have not indeed been overruled—by other later and contrary decisions of this court and of the Appellate Court which this court has approved by a refusal to transfer here for revision so as to conform to the law as declared by this court. *Bessler* v. *Laughlin* (1907), 168 Ind. 38, 79 N. E. 1033; *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 88 N. E. 69; *Evansville Hoop, etc., Co.* v. *Bailey* (1909), 43 Ind. App. 153, 84 N. E. 549; *Cook* v. *Ormsby* (1910), 45 Ind. App. 352, 89 N. E. 525; *Hohenstine-Hartmetz, etc., Co.* v. *Matthews* (1910), 46 Ind. App. 616, 92 N. E. 196.

Yielding to the alternative which counsel place before us, of adhering to or expressly overruling the cases in question, we conclude that *P. H. & F. M. Roots Co.* v. *Meeker, supra,* and *Crawford & McCrimmon Co.* v. *Gose, supra,* in so far as they are contrary to the law as declared in this case, should be, and they are hereby overruled.

Petition for rehearing denied.

Note.—Reported in 96 N. E. 337 and 97 N. E. 529. See, also, under (1) 2 Cyc. 1053; (2) 3 Cyc. 96; (3, 4) 26 Cyc. 1392; (5) 26 Cyc. 1385; (6) 27 Cyc. 493; (7) 26 Cyc. 1149; (8) 29 Cyc. 496; 42 Am. Rep. 390; (9) 3 Cyc. 253; (10) 26 Cyc. 1392; (11) 11 Cyc. 749.