KOKOMO STEEL AND WIRE COMPANY *v.* CARSON.

[No. 9,541. Filed April 9, 1918. Rehearing denied June 28, 1918. Transfer denied March 6, 1919.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Verdict.—Answers to Interrogatories.*—In a servant's action for personal injuries alleged to have been caused by failure to guard cog-wheels as required by §8029 Burns 1914, Acts 1899 p. 231, answers to special interrogatories showing that the cogs were properly guarded on two sides was not in irreconcilable conflict with a general verdict for plaintiff, since it was not necessary that the identical injury to plaintiff should have been anticipated by the master, it being sufficient if by ordinary care and prudence he should have known that some injury might result from failure to properly guard the cogs on the remaining side. p. 527.

2. MASTER AND SERVANT.—*Injuries to Servant.—Choice of Methods of Work.—Contributory Negligence.—Question for Jury.*—In a servant's action against the master for personal injuries due to failure to guard cog-wheels as required by §8029 Burns 1914, Acts 1899 p. 231, plaintiff was not guilty of contributory negligence as a matter of law merely because he chose the more dangerous of two known positions to start a machine which he was operating, since the rule that where the master provides a safe way of doing work and the servant voluntarily chooses a more dangerous method of performing his duties and is injured, there can be no recovery, has no application where the negligence causing the

injury consists of the master's failure to perform a duty prescribed by statute. p. 529.

3. APPEAL.—*Review.*—*Verdict.*—*Answers to Interrogatories.*—*Presumptions.*—On determining whether the answers to special interrogatories are in conflict with the general verdict, the general verdict must be viewed as a finding of every issuable fact in appellee's favor, and the court may consider only the issues formed by the pleadings, the answers to the interrogatories and the general verdict, in favor of which all reasonable inferences and presumptions must be indulged. p. 530.

4. MASTER AND SERVANT.—*Injuries to Servant.*—*Contributory Negligence.*—An operator of a fence-making machine, injured by having his foot caught in unguarded cogs, was not guilty of contributory negligence in starting the machine while on the table thereof, unless such action was so openly and apparently hazardous that an ordinarily prudent person, in the exercise of ordinary care for his own safety, would not have so started the machine, or the operator did not exercise reasonable care in so doing in view of the known danger. p. 530.

5. NEGLIGENCE.—*Reasonable Care.*—*Jury Question.*—Whether the doing of a certain act, or the failure to do it in a particular way, constitutes due care or want of such care is usually a question of fact for the jury, and it is only where the facts are undisputed and only a single inference can be reasonably drawn therefrom that the court may say as a matter of law that a certain course of conduct does or does not constitute reasonable care. p. 531.

From Howard Circuit Court; *J. F. Morrison*, Special Judge.

Action by Theodore C. Carson, by next friend, Lane Carson, against the Kokomo Steel and Wire Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Blacklidge, Wolf & Barnes*, for appellant.

*McConnell, Jenkines, Jenkines & Stuart* and *Byers & Broo*, for appellee.

BATMAN, P. J.—This is an action by appellee against appellant for damages for personal injuries. From a judgment in appellee's favor for $2,750, ap-

pellant appeals. The only assigned error presented by appellant in its brief relates to the action of the court in overruling its motion for judgment upon the answers of the jury to the interrogatories, notwithstanding the general verdict. The complaint is in a single paragraph, and alleges facts which brings the action within the Employers' Liability Act, Acts 1911 p. 145, §8020a *et seq.* Burns 1914.

Omitting formal averments, about which there is no contention, the complaint alleges in substance that appellee was in the employ of appellant on May 13, 1914, engaged in operating one of its fence-making machines, under the direction of its servant, employe, and foreman, to whose orders and directions, under his employment, he was required to conform; that while so engaged his right foot and leg were caught in said machine and so injured as to necessitate its immediate amputation; that said fence-making machine was constructed by appellant, and consisted of a table, elevated about four feet above the floor level, having a flat surface forty-eight inches in width and sixty inches long, with certain cogs, gears and shafting attached in an L shape, leaving an opening or recess, three feet in depth and eighteen inches wide, between the same and the end of said table; that in the process of fence making strands of wire were passed over said table and so knotted or tied as to construct fencing; that in said process the operator of said machine was required to splice said strands of wire, whenever the spool containing any strand was emptied and another spool was required; that in so doing such operator would get upon the surface of said table from said opening or recess, and crawl upon his hands and knees to the wire which required

splicing, and, after splicing the same, would then back off said table into said opening or recess; that the operators of such machine used said method of splicing said strands of wire with the knowledge and by the consent and direction of appellant; that on said May 13, 1914, while appellee was in the employ of appellant operating said fence-making machine it became necessary for him to splice a certain strand of wire thereon; that he crawled out of said opening or recess, got upon the top of said table on his hands and knees and·spliced said strand; that during said process, the cogs and gearing aforesaid were in motion and unguarded; that after making said splice, appellee, still upon his hands and knees, was backing off the surface of said table to said opening or recess for the purpose of resuming a position on the floor to further operate said machine; that just as he reached the edge of said table, and was in the act of alighting therefrom, by reason of said cogs and gearing being unguarded and in motion, his right foot and leg were caught therein and injured; that the opening in which appellee's foot and leg were caught and injured was so located on said machine as to make it practicable to be guarded, but, notwithstanding said fact, appellant carelessly and negligently failed to guard the same.

It will be noted that the act of negligence on which appellee bases his cause of action is a failure to guard certain cogs, gearing and shafting, as required by §8029 Burns 1914, Acts 1899 p. 231, §9. Appellant does not claim that the machinery in question is of such a character as not to require guarding, but contends that the court erred in overruling its motion for judgment in its favor on the answers to the inter-

rogatories, notwithstanding the general verdict, because they show: (1) That such machinery was properly guarded; and (2) that appellee was guilty of contributory negligence.

We shall first direct our attention to appellant's contention that the answers to the interrogatories show that such cogs were properly guarded.

1.. It should be noted that under the allegations of the complaint the general verdict was in effect a finding that the cogs in question were so located as to be dangerous to appellant's employes; that it was. practicable to guard the same without materially impairing their use; and that they were unguarded. Appellant contends that the answers to the interrogatories are in conflict with the general verdict as to the finding that such cogs were unguarded; that such answers control the general verdict on that material finding, and hence the court erred in overruling its motion for judgment. It may be conceded, as contended by appellant, that the answers to the interrogatories show that the cogs in question were properly guarded on the west and south sides, and thus protected the operator of said fence-making machine from danger when standing on the floor in his usual place of work; that such cogs were guarded to some extent to the east side thereof, where appellee's foot was caught and injured; and that it was unnecessary for appellee to be upon such machine while the same was in motion. Such facts, however, are not necessarily in conflict with the general verdict on the finding that such cogs were unguarded. In order to justify the finding that such cogs were not properly guarded, it was not necessary that the identical injury to appellee should have been anticipated

by appellant, but it was sufficient, if, by ordinary care and prudence, appellant should have known that some injury might result to some of its employes from its failure to properly guard such cogs on the east side, as well as upon the west and south sides. *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413, 73 N. E. 899; *Hohenstein-Hartmetz, etc., Co.* v. *Matthews* (1910), 46 Ind. App. 616, 92 N. E. 196; *King* v. *Inland Steel Co.* (1912), 177 Ind. 201, 96 N. E. 337, 97 N. E. 529; *Illinois Car, etc., Co.* v. *Brown* (1918), 67 Ind App. 315, 116 N. E. 4; *Bessler* v. *Laughlin* (1907), 168 Ind. 38, 79 N. E. 1033.

In the instant case it should be noted that the complaint alleges that in the process of fence-making it was necessary to splice the strands of wire that passed over the table to which cogs were attached; that in so doing the operators of such fence-making machine, with the knowledge and by the consent and direction of appellant, would get upon the surface of such table on their hands and knees, crawl to the wires to be spliced, and, after splicing the same, they would back off the top of such table into the recessed opening from which they had climbed to perform such work. This work, performed in the manner alleged, evidently took such operators away from their safe working place on the west side of said cogs to the east side thereof, where they were only partially guarded. Whether appellant should have anticipated that injury might result to some of its employes from the unguarded condition of such cogs on the east side thereof, notwithstanding it was not necessary for the operators of such machine to be upon the same while in motion, was a question for the jury. The general verdict is a finding adverse to appellant's

contention in that regard, and the answers to the interrogatories disclosed no facts that we can say contradict such finding.

The only remaining contention involves appellee's contributory negligence. In support of this contention appellant cites the fact that the answers to the interrogatories show that appellee knew the dangerous character of the cogs which caused his injury; that it was unnecessary for him to be upon the fence-making machine of which they were a part when they were in motion; that, notwithstanding such knowledge and such fact, he purposely started the same when upon such machine, and was thereby caught and injured; that appellant had provided appellee a safe place in which to work on the west side of such cogs, but, notwithstanding such fact, he chose an unsafe place on the east side thereof for such purpose, and was thereby guilty of contributory negligence. The effect of such contention is to invoke the rule that where a master has provided a safe way for doing work which is known to the servant, and the servant is injured while attempting to perform it in some other way, which is attended with greater danger, he will be denied a recovery. It has been held that this rule has universal application, where the doctrine of assumption of risk applies, but that such doctrine has no application in cases where the negligence which caused the injury consists of a failure on the part of the master to perform a duty prescribed by statute. *Inland Steel Co.* v. *King* (1916), 184 Ind. 294, 110 N. E. 62. In such cases the injured servant is not precluded from recovery merely because he knew and appreciated the danger, but such facts may be considered in determining whether such

servant was guilty of contributory negligence in failing to use reasonable care in view of such danger and the known means·of avoiding it. *Jenney Electric Mfg. Co.* v. *Flannery* (1913), 53 Ind. App. 397, 98 N. E. 424. It thus appears in this case that this court cannot adjudge, as a matter of law, that appellee was guilty of contributory negligence merely because he chose the more dangerous of two known positions in which to set such machine in motion.

In determining the question of appellee's contributory negligence in this case, it should be borne in mind that the general verdict must be viewed

3. as a finding of every issuable fact in his favor; that we may consider only the issues formed by the pleadings, the answers to the interrogatories and the general verdict; that in so doing all reasonable inferences and presumptions must be indulged in favor of the general verdict, and any fact provable under the issues may be taken into account; that the general verdict must prevail, unless the answers to the interrogatories are in irreconcilable conflict therewith. *Continental Ins. Co.* v. *Bair* (1917), 65 Ind. App. 502, 114 N. E. 763, 116 N. E. 752; *Illinois Car, etc., Co.* v. *Brown, supra; McCowen, etc., Co.* v. *Short* (1918), *ante* 466, 118 N. E. 538, 119 N. E. 216. In the light of these rules we are required to determine whether the answers to the interrogatories show that appellee was guilty of contributory negligence in starting the machine, after he had spliced the strand of wire, while he was upon the table thereof.

4. By the general verdict the jury found that appellee was not guilty of such negligence in so doing, and we may not hold to the contrary, unless such answers show that the act of starting the ma-

chine while upon the table was so openly and apparently hazardous that an ordinarily prudent person, in the exercise of ordinary care for his own safety, would not have done so, or that appellee did not exercise reasonable care in so doing in view of the known danger. *Nordyke & Marmon Co.* v. *Hilborg* (1916), 62 Ind. App. 196, 110 N. E. 684. As a general rule, the question whether the doing of a certain act, or 5. the failure to do it in a particular way, constitutes due care or the want of such care, should be left to the jury in the light of the evidence. It is only in cases where the facts are undisputed, and where only a single inference can be reasonably drawn therefrom, that the court may say, as a matter of law, that a certain course of conduct does or does not constitute reasonable care. *Jenney Electric Mfg. Co.* v. *Flannery, supra.* In this case it may be conceded that the answers to the interrogatories show, as appellant contends, that appellee, while upon the unguarded side of said cogs, with a knowledge of their dangerous character, started the same purposely, while on the table of the machine to which they were attached, when there was a safe place on the guarded side of said cogs in which to stand while operating such machine, and that there was no necessity for him to be upon the same when in motion. It should be noted that the finding that it was not necessary for appellee to be upon such machine when in motion is not equivalent to a finding that he was guilty of negligence in starting the machine while thereon. It is evident that after such wire was spliced it was necessary for appellee to start such machine in order to continue the process of fence making. To do this he must be about the machine,

but the place was a matter of his choice. The finding that it was not necessary for him to be on the machine when in motion at most only establishes the fact that he might have started and operated the machine when in some other position, leaving the question open whether starting the machine while upon the same was in fact contributory negligence in the light of the evidence. It is apparent that if appellee had not started the machine until he had reached his usual working place on the west side of such cogs his safety would have been assured. But whether his failure to pursue such course was attended with such hazards and dangers that a court may declare it to be negligence as a matter of law presents an entirely different question. It is likewise apparent that appellee might have avoided injury had he used greater care in starting the machine while on the same, but it does not necessarily follow that he was guilty of negligence in failing so to do. To our mind such matters are subjects for honest difference of opinion with reasonable men, and hence the question of contributory negligence was for the jury. *H. A. McCowen & Co.* v. *Gorman* (1912), 51 Ind. App. 523, 100 N. E. 31; *Inland Steel Co.* v. *King, supra; Nordyke & Marmon Co.* v. *Hilborg, supra.*

For the reasons stated we cannot hold that the answers to the interrogatories are in irreconcilable conflict with the general verdict, and hence the court did not err in overruling appellant's motion for judgment. Judgment affirmed.

Ibach, C. J., dissents.