MEYER-KISER BANK LIQUIDATING COMMITTEE
ET AL. *v.* BYRUM.

[No. 26,499. Filed January 15, 1936. Rehearing denied April 7, 1936.]

12

*Smith, Remster, Hornbrook & Smith, Ernest R. Baltzell, William G. Sparks, Paul Y. Davis* and *Kurt F. Pantzer,* for appellants.

*Alvah J. Rucker* and *John Rocap,* for appellee.

FANSLER, J.—Appellee brought this action seeking to replevin two $100 Government bonds and for damages for their unlawful detention. There was a trial, special findings of fact, a conclusion of law, and judgment for appellee.

The only error assigned is that the court erred in its conclusion of law upon the facts found.

Appellee moved to dismiss the appeal upon the grounds: (1) That Julian J. Kiser, Melville S. Cohn, or Ferd S. Meyer were not individually made ▇ parties to the appeal; and (2) that the praecipe filed with the clerk by appellants is insufficient in that it does not request the whole record, and that it fails to request certain order book entries. As to the first contention, it is sufficient to say that the persons named were not sued individually, but merely as The Meyer-Kiser Bank Liquidating Committee; that the findings of fact do not justify any judgment against those persons individually, and that the judgment of the court was not intended to, and would not, support an execution against those individuals, but, on the other hand, it is made to expressly appear by the judgment that recovery against them is only as members of the committee and out of the funds of the defunct Meyer-Kiser Bank which may be in their hands. As to the second objection, the praecipe calls for the pleadings, the request for special findings of fact and conclusions of law, and the order book entry showing the filing of the same, and the judgment. These are sufficient to present any question that will arise upon the error assigned. The clerk included in the transcript the record showing the filing of the various items which were called for by the praecipe. These are purely incidental to the parts of the record called for, and such entries will be deemed to be impliedly embraced in the specific directions. *King* v. *Inland Steel Co.* (1912), 177 Ind. 201, 96 N. E. 337, 97 N. E. 529. The motion to dismiss is overruled.

It was found specially that on August 31, 1925, the Meyer-Kiser Bank was a bank of discount and deposit, and that the appellant Wichmann was the cashier; that in May, 1931, Julian J. Kiser, Melville S. Cohn, and Ferd S. Meyer were appointed liquidating agents for

the bank, and qualified, and have been acting as such since that time.

"That on or about the — day of August, 1925, said Meyer-Kiser Bank became and was indebted to Bryan Transfer Co. by reason of forged checks cashed by said Bank through one Fred J. Pfleger, agent and employee of said Bryan Transfer Co.; that on or about the 31st day of August, 1925, the plaintiff, Stanley C. Byrum, placed in the hands of said Bank two (2) United States Liberty Bonds, numbered respectively A-00422111 and A-02671281, then and there the property of said Byrum, each in the principal sum of One Hundred Dollars ($100.00) bearing interest at the rate of $4\frac{1}{4}\%$ per annum; that a receipt was given to said Stanley C. Byrum. by said Bank, which receipt is in the following words and figures:

'Indianapolis, Ind., Aug. 31, 1925.
'Received of Stanley C. Byrum 2 U. S. Liberty Bonds for $100.00 each Bond No. A-00422111— A-02671281 as security on F. J. Pfleger deal.
'MEYER-KISER BANK,
By A. J. Wichmann.
'Meyer-Kiser Bank
136 East Washington Street
Indianapolis.'

"That said bonds were so put in the possession of said Bank pursuant to an oral agreement entered into between said Bank, by and through its agent and cashier, Anton J. Wichmann, and said Stanley C. Byrum, plaintiff, whereby said Bank agreed to collect the amount due from said Fred J. Pfleger from said Pfleger's relatives on their return from a vacation and to return then and there to said Byrum the identical bonds; (that said Byrum then and there had no intent, at the time he placed said bonds into the possession of said Bank, or thereafter, to secure the payment of any of the sums due by reason of the said forgery of said Pfleger, but at

all such times it was the intent of said Byrum to place said bonds in possession of said Bank only temporarily, for such time as would be required for the return of said relatives of Pfleger from their summer vacations;") that in October, 1925, the bank, without the knowledge or permission of appellee, sold the bonds and converted them into cash, which it converted to its own use; and that the defendants had not had control or possession of the bonds since October, 1925. Other incidental facts were found, which are not necessary to a decision of the case.

There was no finding that the bank, or the liquidating agents, or any defendant, had ever collected the amount due the bank from F. J. Pfleger, or that it had ever been paid. There was a conclusion of law to the effect that appellee should recover the bonds, and upon failure to deliver the bonds he should recover the sum of $203.52, with damages in the sum of $57.30, and judgment accordingly.

It is contended by appellants that the action is in replevin, and that the action will not lie, since it appears that the property sought to be replevied was not in possession of the defendants at the time the action was brought. But, since the facts found are not disputed, the complaint will be deemed to have been amended to conform to the evidence.

Parentheses have been inserted about that part of the quoted findings which recites the intention of appellee with respect to the deposit of the bonds. The facts stated within the parentheses must be deemed to be mere surplusage, since any intention which appellee may have had that was not communicated to the bank, and not made a part of the agreement between the bank and appellee, upon which their minds met, was not binding on the bank and was not, and could not be, a part of their contract. Stripped

of its surplusage and recitals of evidentiary facts, the ultimate fact found in the special findings is that the bank accepted appellee's bonds upon agreement that it would return them to him when it had collected certain monies from Pfleger's relatives, and that it was agreed unqualifiedly that it would collect this money; that, pending such an event, it would keep and hold the bonds for appellee. It is true that it seems most unlikely that this was the contract between the parties when the receipt, which is copied into the special findings, is considered. The language of the receipt would seem to clearly indicate that the bonds were deposited as security, but the sufficiency of the evidence to sustain the finding of ultimate fact is not questioned. Upon the face of the record as it appears, it is as though the parties had agreed upon the facts concerning the contract. Under the contract the bank took no beneficial interest in the bonds whatever, but merely the naked right to hold them. By selling the bonds and converting the proceeds to its own use it breached the contract, and it would seem that appellee was not required to wait until the return of Pfleger's relatives before suing. But, in any event, appellants cannot complain of the judgment, since, under the contract, they were bound to at some time account for the value of the bonds, with interest from the date of conversion.

Judgment affirmed.